UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Republic Steel, | ) | CASE NO: 5:16CV660 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| ProTrade Steel Co., Ltd., et al., | ) | |
| | ) | (Resolving Doc. 8) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by the HSBC Bank USA, N.A.  Doc. 8.  The motion to dismiss is hereby GRANTED and the complaint as against HSBC is dismissed. The remaining claims are hereby REMANDED to the Stark County Court of Common Pleas.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of

> *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts and Analysis**

To the extent that its declaratory action and its request for injunctive relief relate to HSBC, Plaintiff Republic Steel does not oppose dismissal of those claims. Accordingly, the Court must only examine Count V (Wrongful Honor) and Count VI (Civil Conspiracy) in its review.

The claims herein arise from a business relationship between Republic Steel and Defendant ProTrade Steel Co., Ltd. Beginning in 2005, Republic Steel began purchasing scrap metal from ProTrade. The parties' business relationship ended at some point, but

2

began again in the last several years.  In order to facilitate the business relationship, Republic Steel applied for a $5 million letter of credit for the benefit of ProTrade from HSBC in August 2013.  HSBC agreed to issue the letter of credit.  HSBC further agreed that in order to allow any draw on the letter of credit, ProTrade would be required to present:  1) the original letter of credit, 2) a copy of any unpaid commercial invoice, and 3) a statement from a ProTrade officer or representative that the unpaid commercial invoice was presented to Republic Steel, was not paid in accordance with the terms and conditions of the parties' contract, and was ten days past due.  In May 2014, HSBC agreed to amend the letter of credit to increase it to $10 million.  The set of documents ProTrade was required to present was not changed when the increase was approved.

The instant dispute centers on several purchase orders that were canceled by Republic Steel in December 2014.  In its complaint, Republic Steel contends that it was permitted to cancel these orders without liability because the purchases were governed by their terms and conditions.  ProTrade contends that these terms and conditions were never a part of the parties' course of dealings and never incorporated into the purchase orders.  As a result, ProTrade claimed that it was permitted to recoup the loss of value of the scrap metal involved in the canceled orders.  Accordingly, ProTrade sent an invoice to Republic Steel that reflected what it believed to be the losses related to the canceled orders.  Republic Steel declined to pay the invoice, asserting that it properly canceled the orders pursuant to the terms and conditions governing those purchase orders.  Thereafter, ProTrade submitted the letter of credit, its invoice, and a statement from its representative that the invoice had been submitted, refused, and was past due.  In turn, HSBC honored the draft and paid out roughly $1.2 million to ProTrade.

Based upon the above facts, Republic Steel raises claims of wrongful honor and civil conspiracy against HSBC.  The Court now resolves HSBC's motion to dismiss those claims.

The Sixth Circuit has described letters of credit and the legal relationships they create as follows:

> A letter of credit is an engagement by a bank at the request of a customer that the issuing bank will honor drafts or other demands for payment upon compliance with any conditions specified in the letter. O.R.C. § 1305.01. An issuer must honor a draft or demand for payment that complies with the terms of the letter of credit regardless of whether there is some problem concerning the underlying contract between the issuer's customer who procured the credit and the beneficiary to whom it was issued. O.R.C. § 1305.13(A). The issuing bank's obligation to honor drafts drawn by the beneficiary of a letter of credit is distinct from any duty owed by its customer under an agreement with the beneficiary. *All Service Exportacao v. Banco Bamerindus*, 921 F.2d 32, 35 (2d Cir.1990).

*Aetna Life & Cas. Co. v. Huntington Nat. Bank*, 934 F.2d 695, 699 (6th Cir. 1991). Herein, Republic Steel asserts in its complaint that the demand for payment did not comply with the terms of the letter of credit thereby creating a claim for wrongful honor.

In the entirety of its wrongful honor claim, Republic Steel alleges as follows:

> 66. As the issuer of the Letter of Credit, HSBC was at all relevant times under a duty to follow standard practices of financial institutions in determining whether to honor any attempted draw on the Letter of Credit by ProTrade.
>
> 67. HSBC failed to follow such standard practices in evaluating and honoring ProTrade's draw on the Letter of Credit based on Invoice 033115, as HSBC, among other things, (1) ignored discrepancies that were apparent on the face of Invoice 033115 and (2) ignored correspondence from Republic Steel regarding the facial discrepancies with Invoice 033115 (e.g., that it was a fraudulent invoice).
>
> 68. Indeed, it was apparent from the face of Invoice 033115 that it was not an "unpaid commercial invoice," which was required to justify any draw on the Letter of Credit.

> 69. As a result of HSBC's wrongful honor, Republic Steel has suffered harm in an amount greater than $25,000, in addition to other irreparable harm.

Doc. 1-5 at 12-13. Republic Steel's pleading falls short of stating a claim for several reasons.

First, while alleging that HSBC ignored discrepancies on the face of the invoice and that it was apparent on the face of the invoice that it was an unpaid commercial invoice, Republic Steel has not offered a single fact in support of these legal conclusions. Indeed, a review of the invoice in question, attached to this opinion as Exhibit A, reveals the following facts. The document is captioned as an invoice from ProTrade that was billed to Republic Steel. It has an invoice number, 033115, an invoice date, 3/31/2015, and payment terms, net 45 days. In addition, it then has a matrix that has headings that include, 1) "Order Number," 2) "ProTrade Contract," 3) "Material,", 4) "Amount," and 5) "Description." The matrix includes 12 order numbers each with a corresponding ProTrade contract number. Each order number has a corresponding material type that is one of the following: Shred, Bush, HM, P&S, or Tube. Each order also includes an amount. Finally, every description reads the same: "Market Loss incurred on order cancellation by Republic." Finally, the invoice concludes with a request to remit payment to ProTrade. As a result, while Republic Steel contends that there are discrepancies on the face of the invoice, nothing on the face of the invoice presents a discrepancy, nor does the complaint identify one. Further, while asserting that the document is not an unpaid invoice, Republic Steel has wholly failed to allege any fact to support such a conclusion. On its face, the document contains all of the information that one would expect in an invoice.

> In its opposition to the motion to dismiss, Republic Steel contends:
>
> The Letter of Credit required Protrade to present to HSBC a commercial invoice. Republic alleges that no such document was presented, yet HSBC honored Protrade's draw anyway. This simple allegation satisfies Republic's pleading requirement on its wrongful honor claim, and as such, it should be allowed to proceed on this claim.

The Court disagrees. It is not sufficient for Republic Steel to simply make a conclusory legal statement that the document presented was not a commercial invoice. If Republic Steel desired to plead a claim that a commercial invoice was not presented, it was required to allege *facts* in support of such a claim. It failed to do so in any way, let alone in a legally sufficient manner.

Instead, Republic Steel's argument is focused upon the fact that the invoice contained descriptions related to market loss. HSBC, however, was not in a position to evaluate whether ProTrade could properly invoice for market loss, nor do the terms of the letter of credit require HSBC to review the underlying contractual terms of Republic Steel and ProTrade. Were this Court to require HSBC to evaluate such an issue, it would be placed in an untenable position. It could agree with Republic Steel that market loss was not compensable and face suit from ProTrade. In the alternative, it could agree with ProTrade and face suit from Republic Steel. Instead, the terms of the letter of credit remove this quandary. HSBC is required to honor the letter of credit when its terms have been fully complied with by ProTrade. There are no factual allegations in the complaint to suggest that these terms were not fully complied with by ProTrade. As Republic Steel has failed to plead facts that raise its right to relief above the speculative level, its wrongful honor claim fails as a matter of law.

Similarly, without the underlying wrongful honor claim, Republic Steel's civil conspiracy claim must also fail. While Republic Steel has alleged an underlying tort against ProTrade, conversion, its claim must still fail. The only allegation tying HSBC to this claim is that "HSBC paid the requested funds to ProTrade." Having found that Republic Steel failed to properly plead that this payment was wrongfully made, its conspiracy claim must also fail.

**IV. Conclusion**

For the reasons stated above, HSBC's motion to dismiss is GRANTED. The claims against HSBC are hereby DISMISSED. The remaining claims in this matter are hereby remanded to the Stark County Court of Common Pleas.

IT IS SO ORDERED.


May 20, 2016                  /s/ *Judge John R. Adams*
Date                                   JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT